LUCERO, J.
dissenting.'
I respectfully DISSENT from Section II of today’s opinion, on the issue of Garcia’s[1] availability for trial.[2] I neither agree that he procured his own absence from trial, nor that he made an insufficient showing of a good-faith effort to be available for live testimony. His absence was procured by the United States government. In August of 2000, officers of the Immigration and Naturalization Service deported Garcia to Honduras, and at all times relevant to this action, he has remained under a standing deportation order. It is true he left the country on his own after filing the present action, but the law is no less compulsory to someone who complies with its dictates under fear of reprisal than for someone who waits for the corrective power of the state to do it for him.
As to Garcia’s good-faith effort to be available at trial, the majority gives great weight to his failure to “attempt to obtain a temporary visa to reenter the country,” but this is without legal significance. It is a fact not reasonably disputable that someone in Garcia’s position (a male with a history of unlawful entries; an arrest, and a previous violation of a standing deportation order) would have been denied. Fed. R.Evid. 804(a) “does not require the [party offering testimony] to utilize an absolute means of attempting to assure the appearance of a witness, only a reasonable means.” United States v. Eufracio-Tor *1196 res, 890 F.2d 266, 270 (10th Cir.1989). The federal rules cannot have envisioned that a party break the law and risk arrest to testify, nor that he tilt at windmills to show that he tried.
Today’s decision denies Garcia of the only realistic opportunity he had to present his case. It deprives him of his day in court and risks granting state officials impunity for abuses of illegal immigrants who leave or are deported between filing of suit and trial. Decisions of the lower court reviewed for abuse of discretion must be overturned in cases of “manifest injustice.” Pandit v. American Honda Motor Co., 82 F.3d 376, 382 (10th Cir.,1996). This to me is such a case, and I therefore respectfully DISSENT from the section II of today’s opinion.

. I refer to the plaintiff appellant in the same manner he refers to himself in the briefs filed before us.

. I agree with the majority’s holding that the district court did not abuse its discretion in not allowing in evidence of defendant officers’ disciplinary history, and therefore JOIN Section III of the opinion.